UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JERRY DWAINE BELUE,<br><br>     Plaintiff,<br><br> v.<br><br>KEEFE COMMISSARY GROUP, LLC and IDAHO DEPARTMENT OF CORRECTION,<br><br>     Defendants. | Case No. 1:20-cv-00540-DCN<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

  The Clerk of Court conditionally filed Plaintiff Jerry Dwaine Belue's initial complaint as a result of Plaintiff's status as an inmate and in forma pauperis request. Plaintiff then filed an amended complaint. *See* Dkt. 14. Although Plaintiff has also filed second and third amended complaints, *see* Dkt. 15 & 16, he did not seek leave to file either amendment. Under Rule 15(a) of the Federal Rules of Civil Procedure, a plaintiff may amend a complaint without leave of court only once. *See* Fed. R. Civ. P. 15(a). Therefore, the Amended Complaint (Dkt. 14) remains the operative pleading in this case.

  The Court now reviews the Amended Complaint to determine whether it or any of the claims contained therein should be summarily dismissed under 28 U.S.C. §§ 1915 and 1915A. Having reviewed the record, and otherwise being fully informed, the Court enters the following Order dismissing this case.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 1

1.  **Motion for Appointment of Counsel**

Plaintiff seeks appointment of counsel. *See* Dkt. 8. Unlike criminal defendants, prisoners and indigents in civil actions have no constitutional right to counsel unless their physical liberty is at stake. *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981). Whether a court appoints counsel for indigent litigants is within the court's discretion. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

In civil cases, counsel should be appointed only in "exceptional circumstances." *Id*. To determine whether exceptional circumstances exist, the court should evaluate two factors: (1) the likelihood of success on the merits of the case, and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Neither factor is dispositive, and both must be evaluated together. *Id*. Further, an attorney cannot be forced to represent an indigent litigant in a civil case—rather, the attorney can only be "appointed" if he or she voluntarily accepts the appointment. *See Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 298 (1989) (holding that the appointment of counsel provision in § 1915, formerly found in subsection (d), does not "authorize[] a federal court to require an unwilling attorney to represent an indigent litigant in a civil case"); *Veenstra v. Idaho State Bd. of Corr.*, Case No. 1:15-cv-00270-EJL (D. Idaho May 4, 2017) ("[The Court] does not have inherent authority to compel an attorney to represent Plaintiffs pro bono.").

The legal issues in this matter are not complex, and Plaintiff has been able to file documents with the Court and protect his interests to date. In addition, as the Court concludes below, the Amended Complaint fails to state a claim upon which relief may be

granted; therefore, Plaintiff does not have a likelihood of success on the merits. Accordingly, the Court will deny Plaintiff's Motion for Appointment of Counsel.

**2.      Screening Requirement**

The Court must review complaints filed by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity, as well as complaints filed in forma pauperis, to determine whether summary dismissal is appropriate. The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

**3.      Pleading Standard**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than ... unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," or if there is an "obvious alternative explanation" that would not result in liability, the complaint has not stated a claim for relief that is plausible on its face. *Id.* at 678, 682 (internal quotation

marks omitted). And, a court is not required to comb through a plaintiff's exhibits or other filings to determine if the complaint states a plausible claim.

4. **Factual Allegations**

Plaintiff is a prisoner in the custody of the Idaho Department of Correction ("IDOC") and is currently incarcerated at the Idaho Maximum Security Institution ("IMSI"). Plaintiff alleges that Defendants have engaged in "gross negligence and fraudulent activities" with respect to Plaintiff's prison commissary account. *Am. Compl.*, Dkt. 14, at 1, 3. These activities have resulted in a loss of money to Plaintiff, apparently due to Defendants' falsification of Plaintiff's name. *Id*. at 2, 4. Specifically, Plaintiff alleges that he has been charged for "medical payments" or restitution "that was paid … years ago"; Plaintiff believes that the IDOC may have "computer scammed" his account and stolen his money. *Id*. at 4.

Plaintiff appears to assert Fourteenth Amendment violations in connection with these allegedly fraudulent activities, claiming that Defendants deprived him of a property interest without due process. *Id*. Although Plaintiff also cites the Eighth Amendment, that amendment is not implicated by the allegations in the Amended Complaint.[1]

Plaintiff sues the IDOC and Keefe Commissary Group LLC—the private company

---

[1] The Eighth Amendment prohibits cruel and unusual punishment. Conditions of confinement violate the Eighth Amendment only if they (1) involve "the wanton and unnecessary infliction of pain," (2) are "grossly disproportionate to the severity of the crime warranting imprisonment," (3) result "in unquestioned and serious deprivation of basic human needs, or (4) deny an inmate "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). The Amended Complaint does not challenge the conditions of Plaintiff's confinement—only Defendants' allegedly fraudulent activities that deprived him of money in his commissary account.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 4

managing the prison commissary under contract with the IDOC.[2] *Id*. at 1.

5.  **Discussion**

    A.  ***Standards of Law Governing Plaintiff's Claims***

    The Amended Complaint asserts claims under 42 U.S.C. § 1983, the federal civil rights statute. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a "person" acting "under color of" state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

    The Due Process Clause of the Fourteenth Amendment prohibits the government from depriving an individual of life, liberty, or property without due process of law. However, the right to due process is "not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property." *Daniels v. Williams*, 474 U.S. 327, 328 (1986) (emphasis omitted)). Moreover, even the intentional deprivation of personal property by prison officials will not support a due process claim under § 1983 if the prisoner has an adequate remedy under state law. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).

    B.  ***The Complaint Does Not State a Plausible Claim***

    For the following reasons, the claims in the Amended Complaint are subject to summary dismissal.

---

[2] The initial complaint named (1) Josh Tewalt, Director of the IDOC, and (2) IMSI, as additional defendants. The Amended Complaint omits those parties.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 5

    i.  <u>Claims against Defendant IDOC</u>

Plaintiff's claims against the IDOC are implausible because states and state entities are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Moreover, even if IDOC was considered a "person" under § 1983, it would be immune from suit in federal court under the Eleventh Amendment. *Hans v. Louisiana*, 134 U.S. 1, 16-18 (1890); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).

    ii.  <u>Claims against Defendant Keefe Commissary</u>

Plaintiff's claims against Keefe Commissary are implausible because that Defendant did not act "under color of" state law. Section 1983 does not provide a remedy for purely private conduct, "no matter how unfair that conduct may be." *NCAA v. Tarkanian*, 488 U.S. 179, 191 (1988). A private party can be subject to suit under § 1983 for violating a plaintiff's civil rights only in narrow circumstances—"state action may be found if, though only if, there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001) (internal quotation marks omitted).

The Supreme Court has identified several contexts in which a private party can be considered a state actor for purposes of a civil rights action. These include the following situations: (1) the private party's action results from the state's "exercise of coercive power" or "significant encouragement"; (2) the private party participates in "joint activity" with the state; (3) the private party is "controlled by an agency of the State"; (4) the private

party "has been delegated a public function by the State"; and (5) the private party is "entwined with governmental policies," or "the government is entwined in [the private party's] management or control." *Id.* at 296 (internal quotation marks omitted).

The only context potentially implicated by the allegations in the Amended Complaint is the public function context. To constitute state action, however, the function delegated to the private party cannot be just any function. Rather, "[t]he public function test is satisfied only on a showing that the function at issue is both traditionally and exclusively governmental." *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 924 (9th Cir. 2011) (internal quotation marks omitted). For example, in *West v. Atkins*, the Supreme Court found state action on the part of a private physician providing medical treatment to prisoners because (1) "the State bore an affirmative obligation to provide adequate medical care" to prisoners; (2) "the State delegated that function" to the physician; and (3) the physician "voluntarily assumed that obligation by contract." 487 U.S. 42, 56 (1988).

Unlike providing medical care to incarcerated individuals, maintaining or managing financial accounts is not a function that is traditionally and exclusively performed by the government. *See Florer*, 639 F.3d at 924. Thus, the Amended Complaint does not permit a reasonable inference that Keefe Commissary "is a state actor such that any action taken by [it] is 'fairly attributable' to a public entity." *Venegas v. Bianco*, 2019 WL 10301094, at *9 (C.D. Cal. Aug. 26, 2019) (holding that an employee of Keefe Commissary Network was not a state actor) (quoting *Rendell-Baker v. Kohn*, 457 U.S. 830, 840–43 (1982)).

### iii. Merits Analysis of Plaintiff's Due Process Claims

Even if the IDOC and Keefe Commissary were appropriate Defendants—which they are not—the Complaint still fails to state a plausible § 1983 claim.

The Amended Complaint fails to state a claim for relief under the Due Process Clause because state law provides an adequate post-deprivation remedy for Plaintiff's injuries. Idaho has adopted the Idaho Tort Claims Act ("ITCA"), Idaho Code § 6-901, *et seq.*, to provide a remedy for citizens injured by the tortious acts of governmental entities, officials, and employees. As a general rule, "every governmental entity is subject to liability for money damages arising out of its negligent or otherwise wrongful acts or omissions and those of its employees acting within the course and scope of their employment or duties." Idaho Code § 6-903(1).

One exception to this rule is that "any law enforcement officer," acting "without malice or criminal intent and without gross negligence or reckless, willful and wanton conduct," shall not be liable for a claim that "[a]rises out of the detention of any goods or merchandise." Idaho Code § 6-904B(1). It is unclear whether this exception to liability applies when a prison official deprives an inmate of money or personal property. Importantly, however, even assuming that this exception applies in this context, it would not immunize prison officials from liability for acts that are grossly negligent, reckless, or willful and wanton. Because an inmate who is deprived of property as a result of prison officials' grossly negligent, reckless, or willful and wanton conduct has an adequate remedy under the ITCA, a due process claim based on such a deprivation is implausible.

Accordingly, to the extent Plaintiff asserts that prison officials negligently caused the loss of money from his commissary account, he has no due process claim regardless of the existence of a post-deprivation state law remedy for negligent conduct. To the extent Plaintiff asserts that prison employees recklessly lost or intentionally stole the money, he has (or had) a potential remedy under the ITCA. Therefore, Plaintiff's due process claims are implausible.

6.   **Opportunity to Amend**

The Court now considers whether to allow Plaintiff an additional opportunity to amend the complaint. Amendments to pleadings are governed by Rule 15 of the Federal Rules of Civil Procedure. That rule states that the Court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit has explained the reasoning behind allowing the opportunity to amend:

> In exercising its discretion with regard to the amendment of pleadings, a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits rather than on the pleadings or technicalities. This court has noted on several occasions that the Supreme Court has instructed the lower federal courts to heed carefully the command of Rule 15(a) ... by freely granting leave to amend when justice so requires. Thus Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality.

*Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987) (internal citations, quotation marks, and alterations omitted). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by

virtue of allowance of the amendment, futility of amendment, etc.," it is appropriate for a court to grant leave to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

This liberal amendment policy is even more important with respect to pro se plaintiffs, who generally lack legal training. Courts must liberally construe civil rights actions filed by pro se litigants so as not to close the courthouse doors to those truly in need of relief. *Eldridge*, 832 F.2d at 1135, 1137. A pro se litigant bringing a civil rights suit must have an opportunity to amend the complaint to overcome deficiencies unless it is clear that those deficiencies cannot be overcome by amendment. *Id.* at 1135-36. Although several factors contribute to the analysis of whether a plaintiff should be allowed an opportunity to amend, futility alone can justify denying such an opportunity. *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).

The Court concludes that amendment in this case would be futile. Plaintiff's claims are barred not simply because Plaintiff has failed to allege sufficient facts—a deficiency that could be cured by amendment—but because, as explained above, various legal doctrines bar Plaintiff's claims. Therefore, the Court will dismiss the Amended Complaint without leave to amend. This Order does not prohibit Plaintiff from bringing state law claims against Defendants in state court.

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Motion for Appointment of Counsel (Dkt. 8) is DENIED.

2. Plaintiff's Amended Complaint is DISMISSED with prejudice for failure to state a claim upon which relief may be granted. *See* 28 U.S.C.

§§ 1915(e)(2)(B)(ii) & 1915A(b)(1).

3. Plaintiff's Second Application to Proceed in Forma Pauperis (Dkt. 9), "Motion Amended Summary Judgment" (Dkt. 12), "Motion for Determination of Actions" (Dkt. 13), "Motion for Contributory Negligence" (Dkt. 18), and "Motion to Discovery to Compel Interrogatives or Questions" (Dkt. 19) are DENIED AS MOOT.

DATED: March 29, 2021

_____
David C. Nye
Chief U.S. District Court Judge